# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONIS ABDULKADIR AFRAH, <br><br> Petitioner, <br><br> vs. <br><br> DHANI SIDHU, et al., <br><br> Respondent. | CASE NO. 14cv2000-MMA (BGS) <br><br> **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION** |

Petitioner Yonis Abdulkadir Afrah, a native of Somalia, is currently in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement, awaiting removal from the United States to the Netherlands following a state criminal conviction. He has filed a petition for writ of habeas corpus pursuant to Title 28 of the United States Code, section 2241, challenging his 2011 California conviction for dissuading a witness or victim (Cal. Pen. Code § 136.1), dissuading a witness or victim from testifying (§ 136.1 subd. (a)(1)), and violating a domestic violence protective order (§ 166 subd. (c)(1)). For the reasons set forth below, the Court **DISMISSES** the petition for lack of jurisdiction.

## DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[1] "If

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b) of the Rules Governing § 2254 Cases.

1  it plainly appears from the face of the petition . . . that the petitioner is not entitled to
2  relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254
3  Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

4　　　　Challenges to the manner, location, or conditions of the execution of a federal
5  sentence are properly raised in a habeas petition under 28 U.S.C. § 2241. *Hernandez*
6  *v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam). Although filed
7  pursuant to Section 2241, the present petition does not challenge the conditions or
8  execution of a federal sentence. Instead, Petitioner challenges his 2011 California
9  state court conviction.[2] The Ninth Circuit has made clear that a collateral attack on a
10 state court conviction may not be brought in a habeas petition under Section 2241.
11 *Resendiz v. Kovensky*, 416 F.3d 952, 960 (9th Cir.) (holding that a detainee facing
12 deportation on the basis of a state court conviction may not collaterally attack that
13 conviction in a §2241 petition), cert. denied, 546 U.S. 1043 (2005).

14　　　　Furthermore, a petitioner must be "in custody" under the conviction he seeks
15 to challenge at the time he files his petition. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. §
16 2254(a). The "in custody" requirement is jurisdictional. *Bailey v. Hill*, 599 F.3d
17 976, 978 (9th Cir. 2010); *see Resendiz*, 416 F.3d at 956 (explaining that section
18 2254(a)'s "in custody" requirement "has been interpreted to mean that federal courts
19 lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the
20 conviction or sentence under attack at the time his petition is filed.'"), quoting
21 *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989) (per curiam).

22　　　　Petitioner asserts in his petition that he satisfies the "in custody" requirement
23 because he remains on parole for his state court conviction. This ordinarily would
24 suffice. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (holding that an individual

---

[2] On April 4, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2011 state court conviction. *See* Civil Case No. 14-cv-867-H (BGS). The Court dismissed the petition without prejudice for failure to allege exhaustion of his state court remedies, failure to name a proper respondent, and failure to allege that he was in state custody. *See id.*, Doc. No. 4. The Court granted Petitioner leave to amend his petition to cure the stated deficiencies, but he did not file an amended petition.

on parole is in custody for habeas corpus purposes). However, the Ninth Circuit has considered the exact situation in which Petitioner finds himself currently – on state parole but remanded to the custody of federal immigration authorities awaiting deportation – and held that once the state parole authorities have surrendered an individual to federal authorities for deportation, that individual is no longer "subject to sufficient state control to be in the custody of California authorities." *Huante v. Craven*, 500 F.2d 1004, 1006 (9th Cir. 1974). The court in *Huante* explained that "after he was delivered to the federal immigration authorities . . ., the ties between Huante and the California authorities became so attenuated that we must conclude that they were insufficient to support a finding of custodianship." *Id*. at 1006. The circuit court concluded that the district court lacked jurisdiction over the proceedings and ordered the petition dismissed.

In sum, the federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Here, because Petitioner was "not in the custody of the California authorities when his petition was filed," *Huante*, 500 F.2d at 1006, this Court lacks subject matter jurisdiction to consider Petitioner's challenge to his state court conviction. 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng*, 490 U.S. at 492.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** the petition for writ of habeas corpus for lack of jurisdiction. The Clerk of Court is instructed to enter judgment accordingly, terminate any pending motions, and close the case.

**IT IS SO ORDERED**.

DATED: September 9, 2014

Hon. Michael M. Anello
United States District Judge